## IN THE STATE COURT OF <u>GWINNETT</u> COUNTY
## STATE OF GEORGIA

GERRY SHELLEY and HOWARD

SHELLEY

**PLAINTIFF**

vs.

BIG LOTS STORES, INC.

**DEFENDANT**

CIVIL ACTION # 

`13 C 01292 4`

STATE COURT OF GWINNETT COUNTY

75 Langley Drive

Lawrenceville, GA  30046

## SUMMONS

**TO THE ABOVE-NAMED DEFENDANT:** Big Lots Stores, Inc. via R/A Corporation Service Company

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address are:

Katherine L. McArthur

6055 Lakeside Commons Drive

Suite 400

Macon, GA  31210

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This ___25th___ day of ___Feb___, 20_13_.   RICHARD T. ALEXANDER, JR., CLERK

Clerk of St. Co. Court

BY: _____
Deputy Clerk

DEFENDANT'S EXHIBIT
A

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

GERRY SHELLEY and )
HOWARD SHELLEY, )
       )
      Plaintiffs, )
       )
       )
v. )  Civil Action File No. _____
       )
       )
BIG LOTS STORES, INC., )
       )
      Defendant. )  **JURY TRIAL DEMANDED**

**03 C 01292 4**

RICHARD ALEXANDER, CLERK
FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY, GA
2013 FEB 25  AM 10: 48

## COMPLAINT FOR DAMAGES

COME NOW PLAINTIFFS Gerry Shelley and Howard Shelley and file this their

Complaint for Damages against Defendant Big Lots Stores, Inc. by showing this Honorable

Court the following:

### Parties & Jurisdiction

1.

Plaintiffs Gerry Shelley and Howard Shelley are residents of Bibb County, Georgia and

live at 770 Pierce Avenue, Macon, Georgia 31204.  Plaintiffs submit to the jurisdiction and

venue of this Court.

2.

Defendant Big Lots Stores, Inc. (hereinafter referred to as "Defendant Big Lots") is a

foreign for-profit corporation registered to transact business in the State of Georgia.  Defendant

Big Lots is subject to the jurisdiction and venue of this Court and may be served by and through

its registered agent for service of process: Corporation Service Company, 40 Technology

Parkway, South, Suite 300, Norcross, Gwinnett County, Georgia.

3.

Jurisdiction and venue are proper in this Court.

### General Allegations

4.

On or about September 4, 2011, Plaintiff Gerry Shelley entered the Defendant Big Lots store located at 3755 Bloomfield Road, Macon, Georgia 31204 by the express or implied invitation of Defendant Big Lots.

5.

Defendant Big Lots invited or induced customers, such as Plaintiff Gerry Shelley, to enter the premises in furtherance of the business of Defendant Big Lots.

6.

While walking through the Big Lots store at the address identified above, Plaintiff Gerry Shelley slipped and fell on a wet substance that was on the floor.

7.

At all times pertinent to the facts giving rise to this Complaint, Plaintiff Gerry Shelley was exercising ordinary care for her own safety.

8.

The wet substance on the floor, which caused Plaintiff Gerry Shelley to slip and fall, was not open and obvious and amounted to an unreasonable hazard or dangerous condition, of which Plaintiff Gerry Shelley was not aware and had no reason to be aware.

9.

Defendant Big Lots, its employees and agents, knew or should have known, by following reasonable inspection procedures of the premises, of the floor's dangerous condition.

10.

Defendant Big Lots failed to keep its premises in safe condition by allowing the wet substance to remain on the floor.

11.

Defendant Big Lots failed to inspect its premises for hidden dangers or defects, such as the presence of the wet substance on the floor.

12.

Defendant Big Lots failed to correct the dangerous condition created by the wet substance on the floor and/or failed to warn its patrons, including Plaintiff Gerry Shelley, of the hazard located on the floor.

13.

As a result of Plaintiff Gerry Shelley's slipping and falling on the wet substance on the floor, Plaintiff Gerry Shelley has suffered and continues to suffer serious and permanent physical and emotional injuries and has incurred damages in the form of, among others, medical expenses.

14.

Plaintiff Howard Shelley was, at the time of Plaintiff Gerry Shelley's fall, and has remained at all times thereafter the lawful husband of Plaintiff Gerry Shelley.

**COUNT I**
**Negligence Against Defendant Big Lots**

15.

Plaintiffs incorporate Paragraphs 1 through 14 of this Complaint as if fully set forth herein.

16.

At all times pertinent to the facts giving rise to this Complaint, Plaintiff Gerry Shelley was an invitee of Defendant Big Lots, having entered the Big Lots store by the express or implied invitation of Defendant Big Lots.

17.

Defendant Big Lots, its agents, employees and representatives, had a duty to exercise ordinary care in keeping the premises safe.

18.

Defendant Big Lots, its agents, employees and representatives, had a duty to inspect the premises for hidden dangers or defects.

19.

Defendant Big Lots, by and through its agents, employees and representatives, had actual or constructive knowledge of the hazardous condition set forth above, and accordingly, Defendant Big Lots had a duty to warn invitees, including Plaintiff Gerry Shelley, of the presence of the hazardous condition.

20.

The hazardous condition created by the wet substance on the floor of the Big Lots store was not an open and obvious hazard that was observable to Plaintiff Gerry Shelley, who was exercising ordinary care for her own safety as she walked through the Big Lots store.

21.

Defendant Big Lots knew of the hazardous condition or danger, or, by reasonable inspection should have been aware of such condition.

22.

Defendant Big Lots breached its duties by, among other things, failing to:

(a)     Exercise ordinary care in keeping the premises safe;

(b)     Inspect the premises for hidden dangers or defects or to have in place reasonable
        inspection procedures;

(c)     Warn invitees, including Plaintiff Gerry Shelley, of the floor's hazardous
        condition; and

(d)     Maintain the premises in a reasonably safe condition free from hazardous
        conditions.

23.

As a direct and proximate result of Defendant Big Lots's negligence, Plaintiff Gerry

Shelley sustained serious and permanent physical and emotional injuries from which she has

suffered and continues to suffer and has incurred expenses in the form of, among other things,

medical expenses.

**COUNT II**
**Vicarious Liability of Defendant Big Lots**

24.

Plaintiffs hereby incorporate Paragraphs 1 through 23 of this Complaint as if fully set

forth herein.

25.

Defendant Big Lots, an employer, is liable for the negligent acts of its employees while

such employees are acting within the course and scope of the business of Defendant Big Lots.

26.

At all times pertinent to the facts giving rise to this Complaint, employees of Defendant Big Lots had a duty to exercise ordinary care for the safety of others and to, among other things, follow store safety policies and procedures.

27.

The employees of Defendant Big Lots failed to exercise ordinary care or failed to follow store safety policies and procedures, and as a result of such negligence, the hazardous condition caused by the wet substance on the floor existed and was allowed to exist, creating an unreasonable risk of harm to invitees, such as Plaintiff Gerry Shelley.

28.

As a direct and proximate result of Defendant Big Lots's negligence, by and through the actions of its employees, Plaintiff Gerry Shelley sustained serious and permanent physical and emotional injuries from which she has suffered and continues to suffer and has incurred expenses in the form of, among other things, medical expenses.

## **COUNT II**
### **Claim for Loss of Consortium against Defendant Big Lots**

29.

Plaintiffs incorporate Paragraphs 1 through 28 of this Complaint as if fully set forth herein.

30.

As a direct and proximate result of the injuries sustained and suffered by Plaintiff Gerry Shelley, Plaintiff Howard Shelley has suffered a loss of companionship, consortium and services by virtue of his marital relationship with Plaintiff Gerry Shelley.

31.

Defendant Big Lots is liable to Plaintiff Howard Shelley for such damages.

WHEREFORE, Plaintiffs pray for the following relief from this Court:

(a) That Defendant be served with summons, process and a copy of this Complaint as provided by law;

(b) That Plaintiffs receive a trial by jury of twelve (12) members;

(c) That Plaintiffs obtain judgment against Defendant for all damages allowable under Georgia law;

(d) That the costs of bringing this action be taxed against Defendant; and

(e) That Plaintiffs receive such other and further relief as this Court deems just and equitable under the circumstances.

This 19th day of February, 2013.

KATHERINE L. MCARTHUR
Georgia Bar No. 480730

LAURA K. HINSON
Georgia Bar No. 002447

KATHERINE L. MCARTHUR, LLC
6055 Lakeside Commons, Suite 400
Macon, Georgia 31210
(478) 238-6600 – Telephone
(478) 238-6607 – Facsimile
lhinson@mcarthurlawfirm.com

*Attorneys for Plaintiffs*

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

GERRY SHELLEY and            )
HOWARD SHELLEY,              )
                            )
        Plaintiffs,          )
                            )
                            )
v.                          )        Civil Action File No. 13 - C - 0 1 2 9 2 - 4
                            )
                            )
BIG LOTS STORES, INC.,       )
                            )
        Defendant.           )

---

## CERTIFICATE OF SERVICE OF DISCOVERY MATERIAL

COME NOW, Gerry Shelley and Howard Shelley, Plaintiffs in the above-referenced

case, and pursuant to the local rules of this court, show that on February 19th, 2013 they filed

with the complaint this Notice and served upon Defendants the following:

1.    PLAINTIFFS' FIRST INTERROGATORIES TO DEFENDANT

2.    PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO
      DEFENDANT


This 19th day of February, 2013

_____
LAURA K. HINSON
Georgia Bar No. 002447


KATHERINE L. MCARTHUR, LLC
6055 Lakeside Commons, Suite 400
Macon, Georgia 31210
(478) 238-6600 – Telephone
(478) 238-6607 – Facsimile
lhinson@mcarthurlawfirm.com


Page 1 of 1

# IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

GERRY SHELLEY and )
HOWARD SHELLEY, )
                      )
     Plaintiffs, )
                      )
                      )
v. )     Civil Action File No. _____
                      )
                      )
BIG LOTS STORES, INC., )
                      )
     Defendant. )

## PLAINTIFFS' FIRST INTERROGATORIES TO DEFENDANT

       The Plaintiffs propound the following interrogatories to the defendant, pursuant to O.C.G.A. § 9-11-33, as amended. Answers to the interrogatories must be made separately and fully in writing under oath by the defendant or a person authorized to make such answers on behalf of the defendant, and must be served on the undersigned counsel of record for the plaintiff within 30 days of the service hereof.

       If the answer to all of an interrogatory is not known, so state and answer the part of the interrogatory which is known to the defendant. If an answer is not available in the form requested, so state and supply the information in the form in which it is available. Each of the following interrogatories shall be deemed continuing to the extent provided by O.C.G.A. § 9-11-26 (e), as amended.

### SPECIAL DEFINITIONS AND INSTRUCTIONS

       As used herein, the terms listed below are defined as follows:

A.     "Complaint" refers to the Plaintiff's Complaint in the above-styled action.

B.      "Occurrence" refers to the incident on September 4, 2011, alleged in Plaintiffs' Complaint.

C.      "You" or "Your" or "Defendant" means and includes where applicable, all present and former officers, agents, representatives, servants, employees, consultants and attorneys of Big Lots Stores, Inc. and any subsidiary thereof, whether employed or retained on a full-time, part-time, or commission basis, or as an independent contractor or agency.

D.      "Document" means any written, printed, recorded or graphic matter of every type and description that is in your actual or constructive possession, control or custody, or of which you have knowledge, regardless of the medium on which it is produced, reproduced or stored, including but not limited to correspondence, records, reports, memoranda, notes, letters, messages (including, but not limited to, reports of telephone conversations and conferences), studies, circulars, bulletins, minutes, instructions, microfilms, maps, statistical computations, tapes, pamphlets, publications, books, stenographic or handwritten notes, or any other communications (including, but not limited to, interoffice and intra office communications), surveys, contracts, memoranda of agreement, orders, working papers, voice recordings, records of summaries of personal interviews or conversations, appointment calendars, diaries, schedules, printouts, drawings, specifications, photographic negatives, pictures, photographs, video recordings, test results, and all other written, printed or recorded matter of any kind, and all other data compilations from which information can be obtained and translated, if necessary, and all originals, drafts and copies thereof.  Any such document bearing on any sheet or side thereof any marks, such as, but not limited to, imprint initials, stamps indicia, comments or notations, or any character and not part of the original text or photographic reproduction thereof is to be considered and identified as a separate document.

E.      "Identify" with respect to any person or any reference to stating the "identify" or "identification" of any person means to provide the name, home address, telephone number, present employer, business address and job title.

F.      "Identify" with respect to any document or any reference to stating the "identification" or "identity" of any document means to provide the title and date of each such document, the name, address, present employer and job title of the person responsible for the preparation of each such document, the name, address, present employer and job title of the person who requested or required the preparation or on whose behalf it was prepared, the name, address, present employer and job title of the recipient of each such document, the names, addresses, present employer and job titles of all persons who have custody or control of each such document or copies thereof, a description of what type document it is (i.e. photograph, report, engineering design, etc.), the number of each type document, and a description of what each document contains, depicts, reveals, says or pertains to.

## INTERROGATORIES:

### Procedure & Persons with Knowledge

1.      If you contest the validity of service of process upon you, the venue of this action, or the court's jurisdiction over you, state separately and with particularity every fact which supports your contention as to each of these matters which you contest and identify the court in which you contend venue would be proper and the residence or place of business at which you may be properly served with process.

2.      Have you been correctly designated as a party defendant in the above-styled case insofar as the legal description, full name, and correct spelling is concerned?  If not, then state how you might be properly designated in this action.

3.     State the name and present address of each and every person you know or have reason to believe might have knowledge of discoverable matter relevant to the issues (whether claims or defenses) presented in the present cause.

4.     As to each expert you expect to testify, state:

a)     The subject matter on which any and all such experts are expected to testify;

b)     Summarize each and every opinion to which each expert is expected to testify, as well as the grounds for or basis of each opinion;

c)     Identify and describe any documentary source of information examined by or considered by each expert in the formation of the opinions to which the expert is expected to testify.

5.     If you have consulted with experts whom you do not expect to call as witnesses, state as to each his name, address and qualifications, and the subject matter of your consultation.

6.     Identify all persons, other than purely clerical and secretarial, assisting or supplying information to the person verifying the responses to these interrogatories.

7.     Identify the individual Big Lot Stores, Inc. employee(s), responsible for or involved in the process of completing and/or verifying the Customer Incident Report and Investigation Check List and each of the documents referenced in the check list, including: Customer Incident Report; Customer's Description of Incident; Supplemental Slip/Fall Incident Report; Supplemental Floor Inspection Statement; Supplemental Witness Statements; Supplemental Questionable/Suspicious Incident Form; Supplemental report of photographic evidence; supplemental video evidence; supplemental product complaint form.

8.      Identify any of the documents referenced in the Customer Incident Report &
Investigation Check List in use at the time of the incident that were not completed for this
incident because they were determined to be not appropriate for the report, and state individual
responsible for making such decision and the reasons such determination was made for each
document that was not completed.

### Big Lots Stores, Inc. Policies

9.      Identify any and all rules, regulations, standard operating procedures or policies
regarding Big Lots Stores, Inc.'s safety procedures and reactions to a foreign substance on the
floor.  Specify in this response as to whether any of the above policies are unique to or were
created for the Big Lots store identified in the Complaint.

10.     Identify all employees, including managers and assistant managers, who were
working in the Big Lots store on the day and time in question.

11.     State whether you contend that you and your agents or employees had any
knowledge whatsoever of any danger or hazard or risk of injury created by the wet substance on
the floor.   Include in this response the type of danger, hazard or risk of which you state you had
knowledge.

12.     Identify and describe the policies and procedures in place in regard to the
preservation of video evidence following a fall, or other incident, that takes place inside a Big
Lots store.

13.     Identify the person responsible for maintaining the video surveillance records at
the subject Big Lots store.

14.     Identify the number of surveillance cameras located within the Big Lots store
identified in the Complaint and provide a brief explanation of the location of each of the same.

This ___14th___ day of February, 2013

_____
LAURA K. HINSON
Georgia Bar No. 002447

KATHERINE L. MCARTHUR, LLC
6055 Lakeside Commons, Suite 400
Macon, Georgia 31210
(478) 238-6600 – Telephone
(478) 238-6607 – Facsimile
lhinson@mcarthurlawfirm.com

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

GERRY SHELLEY and )
HOWARD SHELLEY, )
        )
     Plaintiffs, )
        )
        )
v. )     Civil Action File No. _____
        )
        )
BIG LOTS STORES, INC., )
        )
     Defendant. )

## PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION TO DEFENDANT

Pursuant to O.C.G.A. § 9-11-34, Plaintiffs hereby propound the following Requests for

Production of Documents on Defendant Big Lots Stores, Inc.

### INSTRUCTIONS

All items of tangible evidence requested for production shall be produced for the

plaintiff's inspection and copying no later than forty-five (45) days after service of this

document. This production shall take place at The Law Firm of Kathy McArthur, 6055 Lakeside

Commons Drive, Suite 400, Macon, Georgia 31210.

### DEFINITIONS

The following definition applies to each paragraph of this Request for Production of

Documents and is deemed to be incorporated therein:

1.

The word "document(s)" is intended to include the original and all non-identical copies

of any record by which information has been recorded or from which information can be

obtained, in the actual or constructive possession, custody, care or control of defendant, its

Page 1 of 3

agents, attorneys, or any other person affiliated with plaintiff.  The form of such documents includes, but is not limited to, letters, telegrams, pictures, books, papers, memoranda, reports, minutes, contracts, notes, studies, print-outs, calendars, diaries, work papers, checks, logs, ledgers, payrolls, licenses, tax records, purchase orders, invoices, receipts, microfilm, microfiche, punch cards, magnetic tapes, disks, press releases, news publications, video tapes, tape recordings, depositions, and answers to interrogatories.

## REQUESTS FOR PRODUCTION

1.      A copy of any and all incident reports prepared by Defendant Big Lots, its employees, managers or any other individual employed by Defendant Big Lots, regardless of whether such individual works at the subject Big Lots store.  (*Note*: if you are withholding any document that exists on the basis of a privilege or work product objection, or any other objection, please provide, in accordance with Georgia law, a privilege log identifying such document; the individual who created the document; the date the document was created; and the basis you contend supports your right to withhold such document.).

2.      A copy of all surveillance recordings from any and all video surveillance cameras located within the Big Lots store identified in Plaintiffs' Complaint.

3.      A complete copy of Big Lots Stores, Inc. policies and procedures or employee manual or other document referencing or pertaining to safety policies, rules, guidelines or procedures set in place by Defendant for its employees.

4.      Produce a complete copy of the insurance policy in effect at the time of the underlying incident that provides coverage for the underlying incident.

5.      Produce a complete copy of any and all documentation pertaining to the retention and/or destruction of video surveillance recordings of the premises located with Big Lots stores, including but not limited to the store identified in the Complaint.

6.      Produce a copy of the Incident Report, and all accompanying notes, memos or other writings that evidence the incident, prepared for, by or on behalf of Defendant Big Lots Stores, Inc.

7.      Produce a copy of any and all documentation whether received by or sent from the subject Big Lots store identified in the Complaint to any other division or entity within Big Lots Stores, Inc. regarding the subject incident.

8.      Identify any and all rules, regulations, standard operating procedures or policies regarding Big Lots Stores, Inc.'s safety procedures and reactions to a foreign substance on the floor.  Specify in this response as to whether any of the above policies are unique to or were created for the Big Lots store identified in the Complaint.

9.      Produce a copy of a premises map or diagram depicting the interior of the subject Big Lots store.


This _19th_ day of February, 2013


_____
LAURA K. HINSON
Georgia Bar No. 002447


KATHERINE L. MCARTHUR, LLC
6055 Lakeside Commons, Suite 400
Macon, Georgia 31210
(478) 238-6600 – Telephone
(478) 238-6607 – Facsimile
lhinson@mcarthurlawfirm.com

Civil Action No. _____

Date Filed _2-25-13_

Attorney's Address: Katherine L. McArthur

6055 Lakeside Commons Drive, Suite 400

Macon, GA  31210

Telephone: (478) 238-6600

Name and Address of Party to be Served:

Big Lot Stores, Inc.

via R/A Corporation Service Company

40 Technology Parkway S, Suite 300

Norcross, GA  30092

**STATE COURT**

**GEORGIA,** __GWINNETT__ **COUNTY**

GERRY SHELLEY and HOWARD

SHELLEY

**PLAINTIFF**

VS.

BIG LOT STORES, INC.

**DEFENDANT**

**GARNISHEE**

## SHERIFF'S ENTRY OF SERVICE

**GARNISHEE**

☐ I have this day served the Garnishee _____ by leaving a copy of the within action and summons with _____

**PERSONAL**

☐ I have this day served the Defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS**

I have this day served the Defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

☐ Delivered same into hands of _____ described as follows age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of Defendant.

**CORPORATION**

☒ Served the Defendant _Big Lot Stores, Inc._ a corporation by leaving a copy of the within action and summons with _Alisha (w/ th RA_ in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**

☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United State Mail, First Class in an envelope properly addressed to the defendant(s) at the address in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON-EST**

☐ Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This _4_ day of _Mi___, 2013.

BY: _____ 50/08

**DEPUTY SHERIFF**

_Derek S_____ COUNTY, GEORGIA

DOCKET _____ PAGE _____

**ORIGINAL TO CLERK - ONE COPY TO PLAINTIFF - ONE COPY TO DEFENDANT**